IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMIRATES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-07655 |
| | ) | |
| v. | ) | Hon. Judge John J. Tharp Jr. |
| | ) | |
| ANWAR ASSAF, NAWAL ALDRAIDI, MOHD ASSAF, SABAH SAID, TALA LOGISTICS INCORPORATED, TALA LOGISTIC TRUCKING, and TALA LOGISTIC COMPANY | ) ) ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| Defendants. | ) | |

**AGREED MOTION FOR COURT
APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION**

Plaintiff Emirates and Defendants Anwar Assaf, Nawal Aldraidi, Mohd Assaf, Sabah Said, Tala Logistics Incorporated, Tala Logistic Trucking, and Tala Logistic Company (collectively, the "Parties"), by and through their respective attorneys, jointly move for the Court to approve the settlement entered between the Parties and enter a dismissal of this matter, with prejudice. In support of their motion, the Parties state as follows:

1. On December 22, 2020, Emirates brought this lawsuit against Defendants, alleging: violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"); common law fraud; violations of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("Consumer Fraud Act"); conspiracy to commit fraud and violate the Consumer Fraud Act; breach of Anwar Assaf's fiduciary duty of loyalty; aiding and abetting a breach of Anwar Assaf's fiduciary duty of loyalty; unjust enrichment; and breach of contract. *See generally* ECF No. 1. Defendants deny the material allegations contained in Emirates' complaint, including the allegations that Defendants are liable under the legal theories

1

asserted by Emirates.

2. On February 24, 2021, Defendants moved to dismiss Emirates' complaint. *See* ECF No. 26. On May 1, 2023, the Court denied Defendants' motion to dismiss. *See* ECF No. 36.

3. On May 10, 2023, Defendants answered Emirates' complaint and Anwar Assaf asserted a counterclaim against Emirates, alleging that Emirates violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"). *See* ECF No. 39 at 49–50. Specifically, Anwar Assaf's counterclaim alleges that, following the termination of his employment with Emirates, Emirates did not pay him approximately two weeks' worth of wages, in violation of the IWPCA. *Id*. at 49. Emirates denies the material allegations contained in Anwar Assaf's counterclaim, including the allegations that Emirates violated the IWPCA.

4. The Parties have engaged in arm's length settlement negotiations through their respective counsel, and they participated in a settlement conference with the assistance of the Court. As a result of these negotiations, the Parties have reached a mutually satisfactory settlement. The terms of the settlement are contained in the Settlement Agreement and General Release attached hereto as Exhibit A.

5. When an employee asserts a claim against his employer or former employer for wages under the IWPCA, any settlement of that claim requires the court to review the settlement for fairness. *Lewis v. Giordano's Enters.*, 397 Ill. App. 3d 581, 597 (1st Dist. 2009) ("The proper procedure for the defendants in the instant case to settle their claims with the plaintiffs is under the supervision of the circuit court overseeing the instant class action litigation.").

6. The Parties request that the Court approve the Settlement Agreement and General Release because it is a fair and reasonable resolution of Emirates' claims against Defendants and Anwar Assaf's counterclaim against Emirates. Although the settlement provides for a payment of

2

$35,000.00 from Anwar Assaf to Emirates, this payment considers Anwar Assaf's IWPCA counterclaim against Emirates. In other words, the settlement payment contemplates Anwar Assaf's counterclaim (in which he seeks $8,000 in purported unpaid wages) offset by Emirates' claims (in which it seeks, *inter alia*, disgorgement of profits for invoices it paid totaling nearly $350,000, as well as disgorgement of $526,000 in compensation that Emirates paid Anwar Assaf during his alleged breach of his fiduciary duty of loyalty). The Parties' settlement eliminates the inherent risks the Parties would bear if this litigation were to continue.

7. Accordingly, the Parties respectfully request that this Court enter an order approving the proposed settlement and holding that it reflects a fair and reasonable resolution of the claims and counterclaim asserted in this action, including of a *bona fide* dispute regarding wages. The Parties further request that the Court's order dismiss this action without prejudice, to automatically convert to a dismissal with prejudice on October 15, 2024, with each party to bear his, her, and its own attorneys' fees and costs, unless one of the Parties files a motion before that date seeking to enforce any term of the Parties' Settlement Agreement and General Release. A proposed Order Approving Settlement and Dismissing Action is attached hereto as Exhibit B.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that this Court enter an order approving the Settlement Agreement and General Release as a fair and reasonable resolution of this matter, including of a *bona fide* dispute under the IWPCA, and dismiss this action with each party bearing his, her, and its own attorneys' fees and costs, except as otherwise agreed.

| | |
|---|---|
| Dated: July 16, 2024 | Respectfully submitted, |
| **EMIRATES** | **ANWAR ASSAF, NAWAL ALDRAIDI, MOHD ASSAF, SABAH SAID, TALA LOGISTICS INCORPORATED, TALA LOGISTIC TRUCKING, AND TALA LOGISTIC COMPANY** |
| By: */s/ Jane M. McFetridge* | |
| One of Plaintiff's Attorneys | |

3

| | |
|---|---|
| Jane M. McFetridge<br>J. Casey Leech<br>JACKSON LEWIS P.C.<br>150 North Michigan Avenue, Suite 2500<br>Chicago, Illinois 60601<br>Telephone: (312) 787-4949<br>jane.mcfetridge@jacksonlewis.com<br>casey.leech@jacksonlewis.com | By: */s/ David C. Thollander*<br>    Defendants' Attorney<br><br>David C. Thollander<br>THE THOLLANDER LAW FIRM, LTD.<br>450 E. 22nd Street, Suite 213<br>Lombard, Illinois 60148<br>Telephone: (630) 971-9195<br>davidthollander@thollanderlaw.com |

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between Emirates, Anwar Assaf, Nawal Aldraidi, Mohd Assaf, Sabah Said, Tala Logistics Incorporated, Tala Logistic Trucking, and Tala Logistic Company.

Anwar Assaf, Nawal Aldraidi, Mohd Assaf, Sabah Said, Tala Logistics Incorporated, Tala Logistic Trucking, and Tala Logistic Company shall be referred to individually as a "Defendant" and collectively as "Defendants." The term "Party" or "Parties" shall refer to Emirates and/or one or more of the Defendants, as may be appropriate.

1. **Recitals.** This Agreement is made with reference to the following facts:

    (a) Anwar Assaf was formerly employed by Emirates, and his last day of employment with Emirates was on or about March 19, 2019.

    (b) In or about April of 2019, Anwar Assaf filed a wage claim with the Illinois Department of Labor ("IDOL"), Wage Claim No. 19-000890, alleging that Emirates failed to pay him wages, expenses, and earned vacation (the "Wage Claim"). By letter dated July 19, 2019, the IDOL indicated that the Wage Claim had been paid by Emirates.

    (c) On December 22, 2020, Emirates brought a civil action in the United States District Court for the Northern District of Illinois (the "Court"), captioned *Emirates v. Anwar Assaf, Nawal Aldraidi, Mohd Assaf, Sabah Said, Tala Logistics Incorporated, Tala Logistic Trucking, and Tala Logistic Company*, Case No. 20-cv-07655 (the "Action"), alleging: violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"); common law fraud; violations of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("Consumer Fraud Act"); conspiracy to commit fraud and violate the Consumer Fraud Act; breach of Anwar Assaf's fiduciary duty of loyalty; aiding and abetting a breach of Anwar Assaf's fiduciary duty of loyalty; unjust enrichment; and breach of contract.

    (d) On February 24, 2021, Defendants moved to dismiss Emirates' complaint filed in the Action. On May 1, 2023, the Court denied Defendants' motion to dismiss. On May 10, 2023, Defendants answered Emirates' complaint and Anwar Assaf asserted a counterclaim against Emirates, alleging that Emirates violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA").

    (e) There has been no determination on the merits of Emirates' claims and Anwar Assaf's counterclaim asserted in the Action but, in order to avoid additional cost and the uncertainty of litigation, the Parties have agreed, subject to the provisions in Paragraph 4 below, to resolve any and all claims, known and unknown, asserted and unasserted, which Emirates has or may have against Defendants, and which Defendants have or may have against Emirates and/or Emirates' direct and indirect past, present, and future parent corporation, affiliates, subsidiaries, partners, divisions, predecessors, insurers, reinsurers, professional employment organizations, representatives, successors, and assigns, and their current and former employees, attorneys, officers, owners, members, managers, directors, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and

fiduciaries, both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees"), as of the date of execution of this Agreement.

2. **Consideration and Liens.**

(a) In consideration for the Parties' mutual promises set forth in this Agreement, and subject to the revocation language below, Anwar Assaf agrees to pay the total gross sum of Thirty-Five Thousand Dollars and No Cents ($35,000.00) (the "Settlement Payment"), to be paid on one check payable to "Emirates."

(b) The Settlement Payment will be delivered to Emirates' counsel at "Attn: Casey Leech, Jackson Lewis P.C., 150 N. Michigan Avenue, Suite 2500, Chicago, Illinois 60601."

(c) Defendants affirm that, in the event any attorneys or third parties have asserted or assert a hold or lien or other encumbrance or interest in any claims, demands, and causes of action against Releasees, Defendants will be responsible for paying any costs and fees associated with and otherwise satisfying that hold or lien or other encumbrance, and will hold Releasees and their attorneys harmless for any costs or fees they incur in association with the hold or lien.

3. **Disbursal of Settlement Payment/Dismissal of Action.** The Settlement Payment will be sent on or before September 30, 2024, and after the following has occurred:

(a) The parties execute a copy of this Agreement;

(b) The Court enters an order approving this Agreement in accordance with Paragraph 5 below; and

(c) The revocation period following the signing of this Agreement has expired.

4. **General Release, Claims Not Released, and Related Provisions.**

(a) **Emirates' Release of All Claims Against Defendants.** Emirates knowingly and voluntarily releases and forever discharges Defendants and their heirs, executors, administrators, successors, and assigns, of and from any and all claims, known and unknown, asserted or unasserted, which it has or may have against Defendants as of the date of execution of this Agreement, including, but not limited to, any alleged claims for the following: violations of RICO; common law fraud; violations of the Consumer Fraud Act; conspiracy to commit fraud and violate the Consumer Fraud Act; breach of fiduciary duty of loyalty; aiding and abetting a breach of fiduciary duty of loyalty; unjust enrichment; breach of contract; violations of any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

(b) **Defendants' Release of All Claims Against Emirates.** Defendants and their heirs, executors, administrators, successors, and assigns knowingly and voluntarily release and forever discharge Releasees, of and from any and all claims, known and unknown, asserted or unasserted, which they have or may have against Releasees as of the date of execution of this

2

Agreement, including, but not limited to, any alleged violation of the following, as amended: Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the IWPCA; the Age Discrimination in Employment Act; the Illinois Human Rights Act; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

(c) **Claims Not Released.** Defendants do not release any rights they may have to pursue claims against any other Defendant. No Party waives any rights they may have to pursue claims which by law cannot be waived by signing this Agreement or enforce this Agreement.

(d) **Governmental Agencies.** Nothing in this Agreement or any other agreement Anwar Assaf may have signed, or Emirates' policies, prohibits, prevents, or otherwise limits Anwar Assaf from: (i) reporting possible violations of federal or other law or regulations to any governmental agency, regulatory body, or law enforcement authority (*e.g.*, EEOC, NLRB, SEC, DOJ, CFTC, U.S. Congress, or an Inspector General); (ii) filing a charge or complaint with any such governmental agency; or (iii) participating, testifying, or assisting in any investigation, hearing, or other proceeding brought by, in conjunction with, or otherwise under the authority of any such governmental agency. To the maximum extent permitted by law, Anwar Assaf agrees that if such an administrative claim is made, Anwar Assaf shall not be entitled to recover any individual monetary relief or other individual remedies related to any alleged adverse employment action(s), except nothing in this Agreement prohibits, prevents, or otherwise limits Anwar Assaf's ability or right to seek or receive any monetary award or bounty from any such governmental agency in connection with protected "whistleblower" activity. Anwar Assaf is also not required to notify or obtain permission from Emirates when filing a governmental whistleblower charge or complaint or engaging or participating in protected whistleblower activity.

(e) **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Defendants waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Emirates or any other Releasee identified in this Agreement is a party.

5. **Submission to Court for Purposes of Approval of Settlement.** Anwar Assaf and Emirates intend for Anwar Assaf to waive any and all claims he has or may have against Releasees from the beginning of time up to and including the date on which he signs this Agreement, including his counterclaim asserted under the IWPCA, and therefore desire that this Agreement be approved by the Court. Accordingly, the Parties agree that, following execution of this Agreement, Emirates will cause its counsel to file an Agreed Motion for Court Approval of Settlement and Dismissal of Complaint ("Agreed Motion"), a draft copy of which is attached to this Agreement as Attachment 1 and is incorporated herein.

6. **Acknowledgements and Affirmations.**

(a) Nothing in this Agreement or this provision shall be construed to limit Anwar Assaf's rights under the National Labor Relations Act, including but not limited to the right to engage in protected concerted activity, including discussing terms and conditions of

3

employment with coworkers, and attempting to improve terms and conditions of employment through channels outside the immediate employee-employer relationship, such as through the National Labor Relations Board. Nothing in this Agreement shall prohibit Anwar Assaf from making truthful statements about the terms or conditions of his employment, or from exercising his rights under the National Labor Relations Act, government whistleblower programs, or whistleblowing statutes or regulations. Nothing in this Agreement has the purpose of effect of preventing Anwar Assaf from making truthful disclosures about alleged "Unlawful Employment Practices," which are defined to mean any form of unlawful discrimination, harassment, or retaliation that is actionable under Title VII of the Civil Rights Act of 1964, or the Illinois Human Rights Act, or any other related federal or state rule or law that is enforced by the Equal Employment Opportunity Commission or the Illinois Department of Human Rights. Anwar Assaf and Emirates acknowledge Anwar Assaf's rights to make truthful statements or disclosures required by law, regulation, or legal process and to request or receive confidential legal advice, and nothing in this Agreement shall be deemed to impair those rights. Emirates also acknowledges Anwar Assaf's rights to make truthful statements or disclosures about Unlawful Employment Practices.

(b) Defendants affirm that they have not filed, caused to be filed, or presently are parties to any claim against Emirates (except for Anwar Assaf's Wage Claim, which has been resolved), and Emirates affirms that it has not filed, caused to be filed, or presently is a party to any claim against Defendants, except the Action, which is being dismissed with prejudice. Nothing in this Agreement or these Affirmations is intended to impair Anwar Assaf's rights under whistleblower laws or cause him to disclose his participation in any governmental whistleblower program or any whistleblowing statute(s) or regulation(s) allowing for anonymity.

(c) Anwar Assaf affirms that he has been paid and/or has received all compensation, wages, bonuses, commissions, paid sick leave, predictability pay, and/or benefits which are due and payable as of the date he signs this Agreement. Anwar Assaf also affirms that he has been reimbursed for all necessary expenses or losses incurred by him within the scope of his employment with Emirates. Anwar Assaf further affirms that he has submitted expense reports for all necessary expenses or losses incurred by him within the scope of his employment with Emirates. Anwar Assaf affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act and state and local leave and disability accommodation laws.

(d) Anwar Assaf further affirms that he has no known or unreported workplace injuries or occupational diseases.

(e) Anwar Assaf also affirms that he has not divulged any proprietary or confidential information of Emirates, and that he will continue to maintain the confidentiality of such information consistent with Emirates' policies and Anwar Assaf's agreement(s) with Emirates and/or common law. Under the federal Defend Trade Secrets Act of 2016, Anwar Assaf shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made to Anwar Assaf's attorney in relation to a lawsuit against Emirates for retaliation against Anwar Assaf for reporting a suspected violation of law; or (c) is made in a complaint or other document filed in a lawsuit or other proceeding, if

such filing is made under seal.

(f) Anwar Assaf further affirms that he has not reported internally to Emirates any allegations of wrongdoing by Emirates or its officers, including any allegations of corporate fraud, and Anwar Assaf has not been retaliated against for reporting or objecting to any such allegations internally to Emirates.

(g) Anwar Assaf affirms that all of Emirates' decisions regarding Anwar Assaf were not discriminatory based on disability, race, color, sex, religion, national origin, or any other classification protected by law.

7. **Non-Disparagement.** Defendants agree to refrain from making false statements that are maliciously disparaging or defamatory about Emirates and Releasees, including, but not limited to, on social media websites such as Facebook, X (formerly known as Twitter), LinkedIn, Instagram, Snapchat, or Glassdoor, on blogs, by text or email, or other electronic means. Nothing in this Agreement prohibits Defendants from making truthful statements about the terms or conditions of employment, or from exercising his rights under the National Labor Relations Act, government whistleblower programs, or whistleblowing regulations.

8. **No Hire.** Defendants shall not apply for, or accept, employment or other work engagement (including, for example, as an independent contractor or temporary worker) with Emirates or any Releasee under any circumstances because of, among other things, irreconcilable differences with Emirates. Defendants agree that, if they accept employment or other work engagement with any Releasee in contravention of this Agreement, such Releasee may terminate their employment or work engagement immediately and they shall have no claim against such Releasee, in law or equity, related to such termination (to the fullest extent permitted by law).

9. **Return of Property.** Except as provided otherwise in this Agreement or by law, Anwar Assaf affirms that he has returned, without copying or reproducing, all of Emirates' equipment, documents, confidential information, and/or other property in Anwar Assaf's possession or control during Anwar Assaf's employment with Emirates.

Defendants also affirm that Emirates is not in possession of any of Defendants' property.

10. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

11. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

12. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

13. **Entire Agreement.** This Agreement sets forth the entire agreement between Defendants and Emirates hereto, and fully supersedes any prior agreements or understandings between Defendants and Emirates, except for any arbitration, intellectual property, noncompete, restrictive covenant, nonsolicitation, nondisclosure, or confidentiality agreements between Emirates and Anwar Assaf, which shall remain in full force and effect according to their terms. The Parties acknowledges that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

14. **Counterparts and Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail, or which is made electronically, will have the same effect as the original signature.

15. **Mutual Negotiation.** This Agreement was the result of negotiations between the Parties. In the event of vagueness, ambiguity, or uncertainty, this Agreement shall not be construed against the Party preparing it, but shall be construed as if all Parties prepared it jointly.

16. **Third Party Beneficiaries.** All Releasees are third party beneficiaries of this Agreement for purposes of the protections offered by this Agreement, and they shall be entitled to enforce the provisions of this Agreement applicable to any such Releasee as against any Defendant or any party acting on any Defendant's behalf.

**DEFENDANTS ARE ADVISED THAT THEY HAVE UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. DEFENDANTS ARE ALSO ADVISED TO CONSULT WITH AN ATTORNEY OR REPRESENTATIVE PRIOR TO THEIR SIGNING OF THIS AGREEMENT, AND DEFENDANTS HAVE IN FACT OBTAINED LEGAL REPRESENTATION ABOUT THE DECISION TO ENTER INTO THIS AGREEMENT, AND SO DOING, ENTER INTO THIS AGREEMENT.**

**DEFENDANTS MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY ON WHICH THEY SIGN OR ENTER INTO THIS AGREEMENT, AND THE AGREEMENT IS NOT ENFORCEABLE UNTIL THE REVOCATION PERIOD HAS EXPIRED. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO WASAN ALHUSSEINY, HEAD OF HUMAN RESOURCES - AMERICAS, AT WASAN.ALHUSSEINY@EMIRATES.COM, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE RECEIVED BY WASAN ALHUSSEINY AT WASAN.ALHUSSEINY@EMIRATES.COM OR HER DESIGNEE WITHIN SEVEN (7) CALENDAR DAYS AFTER DEFENDANTS SIGN OR ENTER INTO THIS AGREEMENT.**

**DEFENDANTS AGREE THAT ANY MODICIATIONS, MATERIAL OR**

OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL CONSIDERATION PERIOD.

THE PARTIES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMIRATES HAS OR MIGHT HAVE AGAINST DEFENDANTS AND ALL CLAIMS DEFENDANTS HAVE OR MIGHT HAVE AGAINST EMIRATES.

[Remainder of page intentionally left blank]

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**EMIRATES**

By: _____
    Wasan Alhusseiny
    Head of Human Resources – Americas

Date: 7/8/2024 _____

**ANWAR ASSAF**

By: _____

Date: _____

**NAWAL ALDRAIDI**

By: _____

Date: _____

**MOHD ASSAF**

By: _____

Date: _____

**SABAH SAID**

By: _____

Date: _____

**TALA LOGISTICS INCORPORATED**

By: _____
    Anwar Assaf

Date: _____

**TALA LOGISTIC TRUCKING**

By: _____
    Anwar Assaf

Date: _____

**TALA LOGISTIC COMPANY**

By: _____
    Anwar Assaf

Date: _____

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**EMIRATES**

By: _____
    Wasan Alhusseiny
    Head of Human Resources – Americas

Date: _____

**ANWAR ASSAF**

By: _*signature*_____

Date: __7/1/2024_____

**NAWAL ALDRAIDI**

By: _*signature*_____

Date: __7/1/2024_____

**MOHD ASSAF**

By: _*signature*_____

Date: __7/1/2024_____

**SABAH SAID**

By: _*signature*_____

Date: __7/1/2024_____

**TALA LOGISTICS INCORPORATED**

By: _*signature*_____
    Anwar Assaf

Date: __7/1/2024_____

**TALA LOGISTIC TRUCKING**

By: _*signature*_____
    Anwar Assaf

Date: __7/1/2024_____

**TALA LOGISTIC COMPANY**

By: _*signature*_____
    Anwar Assaf

Date: __7/1/2024_____

8

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMIRATES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-07655 |
| | ) | |
| v. | ) | Hon. Judge John J. Tharp Jr. |
| | ) | |
| ANWAR ASSAF, NAWAL ALDRAIDI, MOHD ASSAF, SABAH SAID, TALA LOGISTICS INCORPORATED, TALA LOGISTIC TRUCKING, and TALA LOGISTIC COMPANY | ) ) ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| Defendants. | ) ) | |

## ORDER APPROVING SETTLEMENT AND DISMISSING ACTION

The Court hereby grants the Parties' Agreed Motion for Court Approval of Settlement and Dismissal of Action.

After having reviewed the terms of the parties' Settlement Agreement and General Release, the Court hereby accepts and approves the settlement reached between the Parties, which reflects a fair and reasonable resolution of the claims and counterclaim asserted in this action, including of a *bona fide* dispute under the Illinois Wage Payment and Collection Act.

This action is hereby dismissed without prejudice, which will automatically convert to a dismissal with prejudice on October 15, 2024, with each party to bear his, her, and its own attorneys' fees and costs, unless one of the Parties files a motion before that date seeking to enforce any term of the Parties' Settlement Agreement and General Release.

SO ORDERED on _____.

_____
MAGISTRATE JUDGE JEANNICE W. APPENTENG
UNITED STATES DISTRICT COURT